UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER TEDI EDWARDS, CDCR #BZ-1566,<br><br>                              Plaintiff,<br><br>v.<br><br>CHULA VISTA POLICE DEPARTMENT; LOWELL MORENO, Chula Vista Police Officer; MICHAEL MENNA, Chula Vista PD Detective,<br><br>                              Defendants. | Case No.:  25-cv-03825-AJB-DDL<br><br>**ORDER: (1) DISMISSING ALL CLAIMS EXCEPT PLAINTIFF'S EXCESSIVE-FORCE CLAIM AGAINST DEFENDANTS MORENO AND MENNA, AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE COMPLAINT AND SUMMONS ON DEFENDANTS MORENO AND MENNA PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

On April 1, 2026, Plaintiff Roger Tedi Edwards, a state prisoner proceeding *pro se*, filed a civil rights Complaint under 42 U.S.C. § 1983. (Doc. No. 1.) On May 7, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*, but screened and dismissed his Complaint in part pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because while he adequately alleged excessive-force claims against Defendants Moreno and Menna, he

1

failed to allege any other claim upon which § 1983 relief could be granted. (Doc. No. 3.) The Court gave Plaintiff the option to either: (1) notify the Court of his intent to proceed with his excessive-force claims against Defendants Moreno and Menna only; or (2) file a First Amended Complaint that corrected the deficiencies of pleading identified in the Court's screening Order. (*Id.* at 10–11.) Plaintiff was instructed that if he decided to proceed only with his excessive-force claims, the Court would issue an Order directing the U.S. Marshal to effect service of the summons and Complaint on Defendants Moreno and Menna but dismiss all remaining claims. (*Id.* at 11.)

On June 22, 2026, Plaintiff filed a Notice of his intent to proceed with his excessive-force claims against Defendants Moreno and Menna only. (Doc. No. 4 at 1.)[1]

**Conclusion**

Accordingly, the Court:

1. **DISMISSES** all claims against Defendant Chula Vista Police Department, **DIRECTS** the Clerk of Court to terminate the Chula Vista Police Department as a party, and further **DISMISSES** all claims as alleged in Counts Two and Three in Plaintiff's Complaint, as set forth in the Court's May 7, 2026 Order while allowing only excessive-force claims alleged in Count One against Defendants Moreno and Menna to proceed.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) for Defendants Moreno and Menna and forward it to Plaintiff along with a copy of the Court's May 7, 2026 Order Granting Plaintiff's Motion to Proceed In Forma Pauperis (Doc. No. 3), and two blank U.S. Marshal Form 285s for both these Defendants. The Clerk

---

[1] In Plaintiff's Notice of Intent to Proceed, he makes several additional factual allegations or representations. (Doc. No. 4 at 1–2.) The Court advises Plaintiff that to the extent he intends to add new or supplemental claims arising *after* he filed suit that any additional allegations are not part of Plaintiff's original pleading and cannot be addressed unless and until he first executes service upon Moreno and Menna and either files, seeks leave to file, or obtains consent of all parties to file an amended or supplemental pleading pursuant to Fed. R. Civ. P. 15(a) or (d). *See Pervoe v. Macomber*, No. 25-cv-02271-CAB-MMP, 2026 WL 768622, at *3 (S.D. Cal. Mar. 18, 2026) ("Although the pleadings of pro se litigants are liberally construed, attempts to tack on claims and defendants to an original complaint in a piecemeal fashion are improper." (citation modified)).

25-cv-03825-AJB-DDL

will provide Plaintiff with certified copies of his Complaint and the summons so that he may serve these two Defendants. Upon receipt of this "*In Forma Pauperis* Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where both Defendants Moreno and Menna may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1(c), and return the forms to the United States Marshal according to the instructions the Clerk provides in the letter accompanying the *In Forma Pauperis* Package.

3.   **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants Moreno and Menna as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4.   **ORDERS** Defendants Moreno and Menna, once served, to reply to the surviving excessive-force claims in Count One of Plaintiff's Complaint, and any subsequent pleading Plaintiff files in this matter in which Defendants are named as parties within the time provided by the applicable provisions of Federal Rules of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (While defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening, defendants are required to respond.).

5.   **ORDERS** Plaintiff, after service, to serve upon Defendants Moreno and Menna, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk, a certificate stating the manner in which a true and correct copy of that document has been served on the Defendants or Defendants' counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk of Court or which fails to include a Certificate of Service upon Defendants or Defendants' counsel may be disregarded.

25-cv-03825-AJB-DDL

**IT IS SO ORDERED**.

Dated:  July 1, 2026

Hon. Anthony J. Battaglia
United States District Judge

25-cv-03825-AJB-DDL