UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER EDWARDS,<br>Plaintiff,<br>v.<br>CHULA VISTA POLICE DEPARTMENT, et al.,<br>Defendants. | Case No.: 3:25-cv-03825-AJB-DDL<br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br>**[Dkt. No. 7]** |

Before the Court is *pro se* Plaintiff Roger T. Edward's Motion for Appointment of Counsel. Dkt. No. 7. For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE.**

**I**

**<u>BACKGROUND</u>**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 on December 29, 2025. Dkt. No. 1. On July 1, 2026, the Court issued an Order (1) Dismissing All Claims Except Plaintiff's Excessive-Force Claim Against Defendants Moreno and Menna, and (2) Directing U.S. Marshal to Effect Service of the Complaint and Summons on Defendants Moreno and Menna Pursuant to 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3). Dkt. No. 5. On July 13, 2026, Plaintiff filed the Motion for Appointment of Counsel currently before the Court. Dkt. No. 7. In the instant motion, Plaintiff references *Edwards v. CDCR et al.*,

3:26-cv-01245. *Id.* In *Edwards*, Plaintiff filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a 2024 San Diego County Superior Court judgment of conviction. On April 1, 2026, Plaintiff filed a motion to appoint counsel in *Edwards* based on his limited law library access and the challenging nature of completing tasks due to the "inhumane conditions" as well as his belief that "the last assigned attorney pretended to read the record but did nothing." *Edwards v. CDCR et al.*, 3:26-cv-01245, Dkt. No. 5 at 1. On June 8, 2026, the Court found that the appointment of counsel was not necessary to assist Plaintiff or to prevent due process violations and denied Plaintiff's motion. *Id.*, Dkt. No. 6. In the pending motion for appointment of counsel, Plaintiff states that "it may be a good idea to have the same attorney appointed in both cases if needed." Dkt. No. 7.

## II.

## LEGAL STANDARDS

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). However, the Court has discretion to appoint an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "That a *pro se* litigant may be better served with the assistance of counsel is not the test." *Okler v. MCC IMU Prison*, 2018 WL 11299539, at 2 (W.D. Wash. 2018). Instead, the Court "must determine whether . . . there is a likelihood of success on the merits" and whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). Neither factor is "dispositive" but "must be considered cumulatively." *Id*.

## III.

## DISCUSSION

The Court finds that Plaintiff has not demonstrated exceptional circumstances that warrant the appointment of counsel to represent him at taxpayer expense.

///

///

**A. <u>Likelihood of Success</u>**

Plaintiff has not demonstrated the likelihood of success that is required to support the appointment of counsel. Given the early stage of the proceedings, even though plaintiff sufficiently pleaded a plausible claim at this preliminary stage, there is no basis upon which the Court can predict Plaintiff's success at trial. *See Campos v. K.U.S.I. News Media*, 2019 WL 4674290, at 2 (S.D. Cal. 2019) (denying motion to appoint counsel where it was "simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim"); *see also Hucker v. Daub*, 2021 WL 2550089, at 6 (S.D. Cal. 2021). The Court therefore finds that this factor weighs against the appointment of counsel.

**B. <u>Plaintiff's Ability to Pursue his Claims</u>**

Plaintiff has not shown that he lacks the ability to pursue his claims. As an initial matter, apart from stating that he would like assistance with his case, Plaintiff does not provide any reasons at all in the pending motion for the purported need for counsel. Dkt. No. 7 at 1 ("I'd like to request an attorney to be appointed for this case to assist w/ proceedings."). In addition, neither the facts nor the legal issues involved in this case are unusually complex. Plaintiff has brought a relatively straightforward excessive force claim. The desire for additional assistance is common to many self-represented litigants. Although the Court recognizes the challenges of completing tasks without legal training, this hardship does not constitute an exceptional circumstance. *See Rodriguez v. United States*, 2021 WL 1172777, at 1 (E.D. Cal. 2021) ("Circumstances common to most prisoners . . . do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"). That it would be easier or better for an attorney to perform matters on Plaintiff's behalf is also not enough to demonstrate exceptional circumstances. Moreover, the record before the Court belies any assertion that Plaintiff is not capable of pursuing his claims. To date, Plaintiff has filed a complaint that partially survived screening and has submitted several motions on a variety of issues, including proceeding *in forma pauperis* and appointment of counsel. Throughout these filings, Plaintiff has demonstrated his basic understanding of litigation procedure and ability to

competently petition the Court for relief. Accordingly, the Court finds that this factor weighs against the appointment of counsel.

## IV.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Appointment of Counsel [Dkt. No. 7] is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on the merits of his claims and unable to competently articulate those claims. *Cano*, 739 F.3d at 1218.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Hon. David D. Leshner
United States Magistrate Judge